**E. W. BLISS CO. v. COLD METAL PROCESS CO.**

No. 5402.

District Court, N. D. Ohio, E. D.

Feb. 12, 1940.

Kwis, Hudson & Kent, of Cleveland, Ohio, and Fraser, Myers & Manley, of New York City, for plaintiff.

Baker, Hostetler & Patterson (Howard Burns), of Cleveland, Ohio, and Stebbins, Blenko & Parmelee (Walter J. Blenko), of Pittsburgh, Pa., for defendant.

WILKIN, District Judge.

The motion for production of documents under Rule 34, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, filed by the defendant on July 5, 1939, is sustained, and the request for an order to permit defendant to inspect such documents is granted. The time for such production and inspection is set as March ——, 1940. After careful consideration of the arguments for and against the motion, it seems to this court that the purpose or object of the motion is within the spirit and the letter of the New Rules of Civil Procedure. The documents and data requested are within the purview of Rule 34 which subjects to such an order "things, not privileged, which constitute or contain evidence material to any matter involved in the action".

Par. 40 of the answer in particular, and certain other paragraphs in a general way, make the documents sought quite definitely

"matter involved in the action". The relationship and transactions between the plaintiff and the other companies, viz., United Engineering & Foundry Company, American Sheet & Tin Plate Company, and United States Steel Corporation, create a common interest in the subject matter of this suit. The pleadings, affidavits, and admissions leave no doubt as to some participation by the Bliss Company in the former litigation, which was nominally between Cold Metal and the other corporations. The affidavit of L. A. Beeghly mentions specifically a letter from the American Sheet & Tin Plate Company to the plaintiff in this case which "related to an arrangement between American Sheet & Tin Plate Company (Carnegie-Illinois Steel Corp.), the United States Steel Corporation, and E. W. Bliss Company, under which the parties would share in the expenses of the prosecution of this suit for a declaratory judgment and would jointly control and prosecute this suit". In view of these disclosures, the object of the motion can hardly be described as a mere "fishing expedition".

■ Whether or not the participation in the former litigation is sufficient to support the defense of res adjudicata or estoppel by judgment against this plaintiff, need not and should not be determined now. It would not be fair to the defendant to pronounce judgment against that defense without giving it a chance to produce evidence which it says exists and which it says will support such defense. This court should not judge that the participation was insufficient to support the defense when the object of the motion is to show the extent of the participation.

■ It seems to this court that the documents requested are described with sufficient particularity to meet the requirements of Rule 34. If they could be described in all detail, no order for production at this time would be necessary; their contents would be known and they could be brought to the trial by subpoena. The motion asks only for such letters and documents as relate to the defense and the participation of the plaintiff in the defense of the former suits filed by this defendant, and such letters and documents as relate to the institution and sharing of the expense of this suit. The plaintiff should have very little difficulty in determining what is covered by the order.

■ Communications between the plaintiff and its own counsel regarding its private interests, rights and liabilities, are not required by the motion and would, no doubt, be privileged, but letters and documents between counsel of one party and counsel of another party, or between the plaintiff and other parties or counsel of other parties, in so far as they bear upon participation in the former litigation and the pending litigation are "matter involved in the action", and they would not be privileged. It would seem to be proper always to inquire of counsel what clients they represent. There is no privilege that would prevent the court from asking who the real parties are. The processes of the law should not be available to hidden or undisclosed parties.

There was extended discussion in the briefs and in oral argument as to the requirement that the participation of Bliss Company in the former litigation be open and avowed and known to Cold Metal in order that estoppel might apply and res adjudicata be effective. There is undisputed evidence that counsel of the Bliss Company attended the hearings in the former cases, although the extent of his participation is disputed. That he signed one of the pleadings is admitted, although the purpose and significance of such signature is subject of controversy. That Bliss Company helped defray expense is admitted. That the Bliss Company had an interest in the former litigation by virtue of its agreements with the users of its mills, was known to Cold Metal. Whether the participation of Bliss or the knowledge of Cold Metal was sufficient to work an estoppel, need not now be determined, as stated above. That there was some participation and some knowledge seems beyond doubt. The purpose of the motion is to disclose the extent of the participation. And such disclosures might reveal further knowledge. At this stage of the proceedings a trial court can not determine want of all knowledge, and should not decide that there was want of sufficient knowledge.

■ The Bliss Company points out that Cold Metal in its former arguments in the Court of Appeals referred to prior litigation with the remark that Bliss Company might have intervened therein, and Bliss Company would have the court now conclude from such statements that Cold Metal accepted as a fact at that time that Bliss had not intervened. Cold Metal's reference at that time, however, may be limited to

ostensible intervention. Its argument was that Bliss had not become a nominal party in such litigation; that Bliss should not be heard to complain about delay if it had not done what it could have done to hasten the adjudication of its rights. Such argument is not altogether inconsistent with the assumption that Cold Metal at that time had knowledge of Bliss's secret participation. Its failure to assert such knowledge at that time may be accounted for by its want of available proof, and the argument which it was asserting did not require such statement. The force of the argument was that Bliss should not complain of delay if it had failed (openly) to assert its rights at an earlier opportunity.

In any event, the reasoning of the court in the case of Elliott Co. v. Roto Co. et al., 2 Cir., 242 F. 941, 942, is impressive: "When the defense is not open or avowed, estoppel becomes matter of proof. If the plaintiff relies upon it, he must show that the defendant actually did conduct the defense in the prior suit. If the defendant relies on it, he must show not only that he did conduct the defense, but that the plaintiff knew he did."

■ Applied to this case, such reasoning would require that if the former litigation had been adverse to Cold Metal and Bliss Company were asserting the estoppel, it would have to prove not only that it did participate but that Cold Metal knew at the time that it was participating. But since the result in the former litigation was favorable to Cold Metal and it now asserts estoppel against Bliss Company, it need only prove that Bliss Company did in fact participate in the former litigation. A party should not be estopped as against an adversary whom he never knew; but a secret adversary should be estopped if subsequently it is shown that he had made himself an adversary. In Universal Oil Products Co. v. Winkler-Koch Engineering Co. et al., D. C., 27 F.Supp. 161, at page 166, the court said: "I can see no reason why a party who has conducted and controlled litigation should not be bound by the result even though he has successfully concealed the fact of his participation."

This court is not unmindful of the history of the litigation regarding the patents involved in this case. The Court of Appeals has remarked that Cold Metal has shown little enthusiasm for a judicial test of the validity of its patents or the fact of their infringement by Bliss Company. That issue has been postponed while other contests were advanced. The inconvenience of a little more delay, however, should not militate against a full disclosure as to the parties in interest in the litigation now before this court nor as to the extent of the participation by the Bliss Company in the former litigation regarding the same patents. The Court of Appeals seems to have recognized that such issues would have to be settled later. 6 Cir., 102 F.2d 105, 109. It said: "With respect to charges that the present suit is collusive, was initiated to harass the defendant, and kindred charges, we need say no more than was said by the court in Ætna Life Insurance Co. v. Haworth, supra [300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000]: 'We have no occasion to deal with questions that may arise in the progress of the cause' ", etc.

■ Counsel for Bliss Company inquire, on p. 4 of their brief: "Where is there any principle of law that prevents any person or concern from assisting another person or concern in litigations in which the latter may be involved?" The answer to that question is the long established principle against champerty.

■ They next inquire: "Where is there any principle of law that holds that the concern assisted is bound by any judgment against the assisting concern?" And they correctly answer that question: "Obviously there is none." But the disclosure in this case is asked not with the purpose of drawing from such evidence an inference that the Bliss Company is bound by former litigation against those who may be contributing to this suit, but the disclosure is asked for the purpose of giving Cold Metal information which may be needed in case of future litigation, and possibly to show cooperation by the parties in both suits. Cold Metal has probably learned that it is advisable for a party to learn definitely the parties arrayed against it. If a witness' interest can be disclosed upon cross examination, and if he can be required to tell what he has been paid or what he has received for testifying, surely a party to the litigation would not be exempt from making similar disclosures.

■ This court recognizes that a party who has a real interest in litigation may make a contribution to the conduct of such litigation. This principle is assumed or stated in the cases of Souffront v. La Compagnie Des Sucreries, 217 U.S. 475, 30 S. Ct. 608, 54 L.Ed. 846, and Foote v. Parsons

Non-Skid Co., 6 Cir., 196 F. 951, 953, and in most of the cases cited in the briefs filed in this case. No doubt the interest which Bliss Company had in mills which it sold would warrant a contribution by it to litigation which asserted that such mills infringed patents. But, as stated, whether such contribution or participation is sufficient to effect an estoppel in subsequent litigation is a question which this court may have to determine later, but not now. For the present the court rules merely that the extent of such participation should be disclosed.