**LEACH v. GREIF BROS. COOPERAGE CORPORATION.**

No. 462.

District Court, S. D. Mississippi, Jackson
Division.

July 16, 1942.

J. Ed Franklin, of Jackson, Miss., and Colbert Dudley, of Forest, Miss., for plaintiff.

W. Harold Cox, of Jackson, Miss., for defendant.

MIZE, District Judge.

The plaintiff in this case moves the court to require the defendant to permit him to inspect and copy two specifically designated statements in the files of the defendant. Plaintiff alleges he was injured on July 15, 1941, while employed by the defendant. Prior to the time that he filed suit for these injuries he gave a power of attorney to one John T. Smith, who is a lawyer but at the present time is sheriff of the county and not actively practicing. John T. Smith, on September 16, 1941, saw the district manager of the defendant for the purpose of making amicable settlement between the plaintiff and defendant. Smith years back had been employed by the defendant but was not employed by the defendant at the time of this occurrence. He advised defendant's representative that he wanted to be mutually helpful to both parties in effecting a settlement. On September 17, 1941, Smith wrote the district manager that he had investigated the matter and he, himself, had reached the conclusion that defendant was liable and advised the representative ·that the case could be settled for a stated amount. This letter of Smith was turned over to the attorney for the defendant. On September 19 the district manager referred the letter from Smith of date September 17 to the attorney for the defendant and thereafter the attorney for the defendant handled the negotiations. On September 19 the attorney wrote Smith to call by at his earliest convenience and they would discuss the matter. On September 20 Smith wrote the attorney that he would be in Jackson on the following Tuesday and see him at that time, and that he had a power of attorney from the plaintiff. Smith appeared at the office of the attorney on September 23 and discussed the facts of the case as had been gathered by him from the witnesses. The attorney for the defendant then stated to him that he would be unable to discuss any settlement unless he knew what the exact facts were as would be testified by the plaintiff and one Hollingsworth, the only eyewitness, and requested Smith to get a statement from these witnesses. On September 24, 1941, Smith delivered to defendant's attorney the statement signed by plaintiff and a statement signed by Hollingsworth. These are the two statements plaintiff desires to inspect. The attorney for defendant knew Smith was representing plaintiff by power of attorney, but not as an attorney at law. These statements were voluntarily delivered to the attorney for the defendant. Upon examination of the statements the attorney for the defendant advised Smith that the statements were helpful, but not specific enough, and suggested that Smith bring the plaintiff to his office for a personal interview. On September 25, 1941, Smith and the plaintiff appeared and the plaintiff was questioned at length by the attorney for the defendant and later was asked if he would mind reducing his statement to writing and signing it. Plaintiff and Smith thereupon left, and when they returned the attorney for defendant had prepared a statement which, when the plaintiff read it, he declined to sign. This unsigned statement, however, is not here in controversy. Negotiations for amicable settlement failed. Thereupon plaintiff employed attorneys and suit has now been filed and is pending in this court.

Plaintiff has made a motion under Rule 34 of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, for an inspection and copying of his own statement and of the statement of R. L. Hollingsworth, and alleges by way of affidavit to support his showing for good cause that defendant is preparing to take the testimony of one John T. Smith, who delivered the statements to the defense attorney, and also the deposition of the witness R. L. Hollingsworth. The defendant resists the granting of the inspection. The court, having considered the matter, is of the opinion that the motion should be sustained.

Rule 34 provides that upon good cause shown, the court may order any party to produce and permit the inspection and copying of any designated document not privileged which constitutes or contains evidence material to any matter involved in the action and which is in the possession of the opposing party. It seems clear from the wording of this rule that plaintiff is entitled to an inspection and ˙copying of these particularly designated documents. They constitute undoubtedly material evidence to the matter involved and are in the possession and custody of the defendant and are not privileged. The right to an inspection

446

of these documents is not condemned upon the theory that it is privileged between attorney and his client for the reason that the attorney did not procure these documents himself, nor did the defendant, through its agents, procure these documents, but the documents were procured by plaintiff's representative and voluntarily delivered to the defendant. Communications between attorneys for respective parties or between parties and the attorney of the opposing party are not privileged. E. W. Bliss Co. v. Cold Metal Process Co., D.C.Ohio, 1 F.R.D. 193; Kane v. News Syndicate Co., D.C., 1 F.R.D. 738; Colpak et al. v. Hetterick et al., D.C., 40 F.Supp. 350.

The most earnestly urged objection, however, is that good cause has not been shown  The answer to that is that the rules are to be liberally construed so as to prevent surprise and delay. Particularly Rules 26 to 37 inclusive were formulated with the view of granting the widest latitude in ascertaining before trial facts concerning the real issues in dispute and to eliminate as much as possible all expense and difficulty that could be involved in the procuring of documents at the trial. Rule 34 is broad and flexible. Holtzoff's New Federal Procedure and the Courts, 91. One of the purposes was to simplify the issues as much as reasonably possible. With these documents in the possession of both sides lengthy cross examination or direct examination may be unnecessary. It is difficult to lay down a definition of good causes that would apply to every particular case. There is a wide latitude. The allegations of good cause in the present action are sufficient. The motion is not a fishing expedition, and it will be sustained.

The defendant at the same hearing presented a motion under Rule 35 for an order requiring the plaintiff to submit himself for personal physical examination to a particular physician designated by the defendant, and in support of his motion files an affidavit that he has good reason to believe that the plaintiff is not injured as severely as he contends. One of the plaintiff's eyes was removed and the plaintiff is now suing for the injury and practical loss of sight to the other eye. Defendant avers that he has reason to believe that the sight of the other eye is not impaired. Sufficient good cause is shown for an order requiring the physician's examination. However, the right under the rules does not go so far as to permit the moving party to name the physician to make the examination. That is a matter left to the sound judgment of the court. There is a statute in Mississippi which provides that communications between physician and patient shall be privileged and not disclosed except at the instance of the patient, and the Supreme Court of Mississippi has held that the court is without power to compel the plaintiff to submit himself over his objection to a physical examination. It is my judgment, however, that Rule 35 prevails in the trial of cases in the federal court and supersedes the procedural statute and holding of the state court in Mississippi. The motion for the physical examination, therefore, will be sustained to the extent that the court will order the plaintiff to submit himself for physical examination to a physician designated by the court and not necessarily the one requested by the mover.