PRELLI v. SHEPARD S. S. CO.

District Court, S. D. New York.

Dec. 1, 1947.

O'Brien, Driscoll, Raftery & Lawler, of New York City, for libellant.

Corydon B. Dunham, of New York City, for respondent.

BONDY, District Judge.

All other demands for inspection having been disposed of on the argument, the motion for the production of "libellant's" signed statement by the "respondent" is denied without prejudice to a renewal thereof on the showing of the facts constituting good cause therefor. See Corbett v. Columbia Transp. Co., D. C., 5 F.R. D. 217, 219; Leach v. Greif Bros. Cooperage Corporation, D. C., 2 F.R.D. 444, 445; Thomas French & Sons v. Carleton Venetian Blind Co., D. C., 30 F.Supp. 903, 905; 2 Moore's Federal Practice, 1946 Supp. p. 241. Compare Price v. Levitt, D. C., 29 F. Supp. 164 and Bough v. Lee, D. C., 28 F. Supp. 673, both of which involved Federal Rule of Civil Procedure 26(a, b), 28 U.S. C.A. following section 723c, relating to the taking of depositions. It does not require good cause to be shown as do Admiralty Rule 32, 28 U.S.C.A. following section 723, and Rule 34 of the Federal Rules of Civil Procedure, relating to discovery and inspection.

The attention of counsel is called to the fact that although his pleading states that the libellant elects to maintain the action under the Jones Act, 46 U.S.C.A. § 688, he described the pleading and argued as though it was brought in admiralty. However, the rules for inspection are similar in both cases.