### HENZ v. UNITED STATES.
#### No. 25315–H.

United States District Court
N. D. California, S. D.
June 13, 1949.

292

Frank J. Hennessy, United States Attorney, C. Elmer Collett, Assistant United States Attorney, San Francisco, Cal., for respondent.

HARRIS, District Judge.

Libelant brings this libel against the United States, setting forth a cause of action for damages, wages, maintenance and cure under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, the Jones Act, 46 U.S.C.A. § 688, and the Public Vessels Act, 46 U.S.C.A. §§ 781–790.

Subsequent to filing his libel in personam, libelant has moved for discovery of certain documents allegedly taken by and in possession of the United States.

Respondent, following libelant's motion for discovery, submitted certain exceptions to the libel. In addition respondent opposed, in part, libelant's motion for discovery. Since the exceptions to the libel go to the jurisdiction of the court, they will be considered at once. Thereafter, the motion for discovery will be ruled upon.

It is respondent's position that the statutes upon which libelant is relying, require the filing of a claim with the responsible government agency, namely the United States Army Transport Service, six months prior to the instituting of suit. This, libelant has not alleged in his libel nor done in fact. Therefore, respondent has moved for dismissal of the libel.

In order to pass upon respondent's contention, the court must examine the Public Vessels Act and the Suits in Admiralty Act in the light of Public Law 695, enacted by the 80th Congress as an extension of admiralty jurisdiction. The new law extends admiralty and maritime jurisdiction to cases of damage or injury to persons or property on land, where such injury has been caused by a vessel on navigable waters. The concluding sentence of the enactment requires the filing of a claim against the United States six months prior to the instituting of suit against the government.[1]

If this recent extension of admiralty jurisdiction constitutes a modification and

Gladstein, Anderson, Resner & Sawyer, San Francisco, Cal., by Herbert Resner, San Francisco, Cal., for libelant.

[1] 46 U.S.C.A. § 740—"The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person

amendment to the Suits in Admiralty Act or the Public Vessels Act, whereby its provisions apply to seamen's existing rights under law, then respondent's motion to dismiss must be granted, for admittedly libelant has not filed a claim six months prior to the commencing of the present suit.

On the other hand, if the statute is limited in application to a distinct group of land-bound individuals and property owners permitted to seek relief in admiralty for damages caused by vessels on navigable waters, then respondent's position is without merit.

At the threshhold it must be observed that the 1948 law was not set forth as a specific amendment to the basic acts relied upon by libelant for stating a cause of action. Rather, the law was passed as a special piece of legislation, designed to protect a narrow group whose rights were not previously covered in admiralty.

The new legislation, in its own context, does not suggest its applicability to existing statutes safeguarding the rights of seamen. As it reads, the six months waiting period appears to apply to those individuals covered by the law and to no others. That such an interpretation is a correct and a reasonable one is fortified by reviewing the analysis which took place during the period that the legislation was under discussion.[2]

In the Senate report, the following explanation of the new law is directly in point, and is contrary to respondent's interpretation: "The legislation is not intended to affect existing rights of seamen against their vessels or against private companies who operate government owned vessels, or to affect remedies which may exist against other parties involved by existing law in any appropriate forum."[3]

Seamen must be protected as wards of the court.[4] Because of their transitory existence, they would find it most difficult to file claims, remain in port and await the passage of six months, before instituting suit. Their employment at sea would be jeopardized by such delays on land while awaiting the outcome of the review of their claims.

■ It is clear to the court that Public Law 695 applies to persons and property owners of structures injured on land by vessels on navigable waters, and in no way modifies the rights of seamen as set forth in existing statutes. Accordingly respondent's exception to the jurisdiction of this court is overruled.

The United States further excepts to the

---

or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

"In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water: Provided, That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after June 19, 1948 and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act: Provided further, That no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage. June 19, 1948, c. 526, 62 Stat. 496."

[2] 1948 U.S.C. Congressional Service, p. 1898. Admiral Smith of U. S. Maritime Commission, at page 1903: "The second amendment suggested by the Navy Department would provide 6 months waiting period before commencement of suit of the type of claim covered by the proposed legislation. There is no similar waiting period provided either in the Federal Tort Claims Act (Sec. 410), or in the Suits in Admiralty Act or Public Vessels Act. If such amendment is thought desirable, it is believed that the limitation might be more appropriately accomplished by amendment of the Suits in Admiralty Act and Public Vessels Act, rather than in the bill under consideration, which is limited in its scope to particular types of admiralty claims only."

[3] 1948 U.S.C. Congressional Service, p. 1899.

[4] American Pacific Whaling Co. v. Kristensen, 9 Cir., 93 F.2d 17.

libel on the ground that libelant has set forth distinct causes of action in his libel, based on unseaworthiness under general maritime principles and negligence under the Jones Act. Moreover, libelant has pleaded these distinct causes of action in a single count. Respondent contends that an election must be made before suit is commenced.

■ Current doctrine discloses, in keeping with the liberality expressed by new federal rules of procedure, that it is no longer necessary for a seaman to sue on the admiralty side or the law side of the court at his risk. As shown in German v. Carnegie Illinois Steel, 3 Cir., 156 F.2d 977, a seaman may rely on both an admiralty cause of action against the ship, based on unseaworthiness, and a Jones Act cause of action against the owners, based on negligence, in a single suit. The only limitation against the seaman is in the amount of his recovery, which is based on his injuries.

■ In the instant case, libelant is suing in personam against the shipowner under the general maritime law and the Jones Act. He is not proceeding in rem against the ship. He is relying on a single set of facts to establish his cause of action, be it based upon negligence of the employer or unseaworthiness of the ship. Under these circumstances, it is unimportant that he has set forth in a single cause of action his claim for relief.

Libelant is not required to elect (German v. Carnegie Illinois Steel Co., supra; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099). Under his theory, the gravamen consists of a set of circumstances—acts of the employer or condition of the vessel—out of which his injuries arose. A single set of facts, if established, will be the basis for recovery, regardless of the cause under which recovery is obtained.

It would appear to be proper to permit libelant to embrace in a single count the admixture of unseaworthiness of the vessel and negligence on the part of respondent. Accordingly the court overrules respondent's exception to the manner in which libelant has pleaded his cause of action.

The final issue between the litigants arises over certain items in libelant's motion for discovery. In his initial motion, libelant listed six sets of documents and materials which he demanded that respondent produce. In court, the parties reached agreement on four items. Thus, there are two sets of records, similar in general import, which respondent refuses to make available to libelant. These items call for (1) any and all statements taken by or in the possession of respondent from certain named witnesses; and (2) any and all reports of the accident made by the master or officers of the vessel to respondent, or in possession of respondent.

■ Preliminarily it should be stated that the United States is in no different position from any other party in an action brought in accordance with statutory authority to sue the government. O'Neill v. United States, D.C., 79 F.Supp. 827; Bank Line, Ltd. v. United States, D.C., 76 F.Supp. 801.

■ Libelant contends that the information which he seeks would be obtainable by discovery if it were in the possession of a private litigant. After a review of the authorities, the court concludes that this is a correct analysis of the law. Since the Supreme Court, in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, analyzed the doctrine of discovery as set forth in the Rules of Civil Procedure, 28 U.S. C.A., courts have been broadening and liberalizing it in their interpretations. See 62 Harv.L.R. 269.

In Hawaiian Air Lines v. Transpacific Air Lines, D.C., 8 F.R.D. 449, the court granted discovery to plaintiff when it sought detailed information covering reports, minutes and memorandums of meetings, documents covering business transactions, and other phases of defendant's business, all of which were requested in general terms. The trial judge rejected the standard defense of "fishing expedition" and indicated that the primary object of a trial was to get the facts, preferably by deposition-discovery procedures. Even though request is made by general cate-

góries, if such categories constitute a "designation" which is explicit enough for defendant to locate the requested documents, and the information sought is not privileged, then the motion should be granted.

In the instant case, libelant is asking for "any and all statements of witnesses" and "any and all reports of said accident". Both requests are broad, but they are nonetheless explicit enough so that respondent is able to confine its searches to reports and documents dealing with a specific accident. The United States is not asked to undertake labors on behalf of libelant, but merely to produce information which it has in its possession and which will enable both sides to obtain the facts prior to trial.

Of necessity respondent must prepare its case through the work of agents, many of whom are attorneys. The fact that they are lawyers is not a reason for blanketing their preparatory efforts with an immunity from discovery. The court must examine their investigatory compilation to ascertain whether it is proper to order its production for the edification of the opposition.

Libelant is seeking permission to examine statements of material witnesses and reports of the accident made in the regular course of respondent's navigational business. He is not asking permission to examine data which constitutes the inspiration, creation, or work-products of attorneys preparing for trial. The fact that the information sought is now in the files of counsel is not a ground for refusing discovery. The court believes that the documents and materials requested by libelant should be made available to him. DeBruce v. Pennsylvania R. Co., D.C., 6 F.R.D. 403.

If there is opinion matter contained in the requested reports, then such matter can and will be stricken by the court prior to the time the documents are shown to libelant. This was the practice suggested by Judges Kirkpatrick and Rifkind in the O'Neill and Bank Line cases respectively, previously cited.

Accordingly, it is ordered that the motion for discovery with respect to statements of witnesses as requested in Item #1 be, and the same hereby is, granted, and that the motion for discovery with respect to reports of the accident made by the master or officers of the vessel as set forth in Item #5 be, and the same hereby is, granted, subject to preliminary scrutiny by the court for purposes of eliminating any opinion or privileged data, if respondent believes such data is contained in the reports and should not be disclosed to libelant under Rule 34.