### ALLTMONT v. UNITED STATES et al.
### O'NEILL v. UNITED STATES et al.

No. 287 of 1947; No. 287 of 1946.

United States District Court
E. D. Pennsylvania.

June 28, 1949.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., amici curiæ.

H. G. Morison, Assistant Attorney General, Newell A. Clapp, Acting Assistant Attorney General, Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., for respondents.

KIRKPATRICK, Chief Judge.

The decree entered in this case, 79 F. Supp. 827, having been vacated by the Court of Appeals, 3 Cir., 174 F.2d 931, it is incumbent upon this Court to enter a new decree. In doing so it would seem that a brief explanatory statement is in order.

The Court of Appeals pointed out that "The decree contemplates a far different, far broader problem than the one which was actually before the district court and passed upon in the written opinion of

that court." Although not intended, I agree that, in view of the recital, the operative part of the decree as entered is susceptible of the interpretation given it by the Court of Appeals, to wit, that it requires the production of all the reports made by the Federal Bureau of Investigation.

The basis of the penalty which the decree imposed was the respondent's refusal to obey the Court's order to answer Interrogatory No. 2 in 287 of 1946, and No. 3 in 287 of 1947, that being the only interrogatory not answered. Naturally, the interrogatory limits the scope of the decree, because no penalty could be imposed for refusal to do something not asked for or ordered. The question, therefore, is, what did the interrogatory call for. The answer is (1) copies of all written statements of witnesses, whether signed or unsigned, (2) copies of memoranda of oral statements of witnesses. The interrogatory does not ask for, nor did the Court predicate the decree upon, the respondent's failure to produce reports made by F. B. I. agents—except to the following extent, namely: if a witness made an oral or written statement to the agent and the only memorandum or copy of it consists of a portion of the agent's report, that portion of the report was to be copied and produced. The rest of the report was not intended to be disclosed.

■ One point remains to be noted. Much of the difficulty and misunderstanding on the part of the parties seems to have arisen not so much from doubt as to what is included by "statements" as from the question who the "witnesses" are whose statements are to be produced. It, therefore, should be pointed out that the interrogatory asks for statements of persons " * * * who purport to be witnesses or have any knowledge regarding the said accident and/or injuries or any matter connected therewith or related thereto * * *". This, though not strictly limited to eyewitnesses, does not go beyond persons having knowledge of facts which could reasonably give the libellant relevant information concerning the accident and injuries. For example, it appears that the F. B. I. made an extensive investigation as to the character, habits, past history, etc., of a number of the fact witnesses, and made reports concerning the same. These reports, of course, include statements of a number of persons interviewed (other than the witnesses themselves) who have no knowledge whatever of any fact even remotely related to the accident and injuries. Although the facts so obtained might conceivably in some instances be admissible as affecting the credibility of the witness (as for example prior conviction of crime) I did not intend and do not now intend to predicate any default on the part of the respondent upon failure to produce such material, or reports, or the statements of such persons. The names and whereabouts of all *witnesses,* as defined above, were to be given, if known.

The decree is, therefore, redrawn and will be entered as follows:

The libellants having moved for an order for judgment against the respondents for refusal to comply with the order of this Court of April 3, 1948, directing answer to Interrogatory No. 2 in 287 of 1946 and No. 3 in 287 of 1947, and it appearing to the Court, the matter having been duly argued by the proctors for the respective parties, that the respondents have failed and refused to file their answers to Interrogatory No. 2 in 287 of 1946 and No. 3 in 287 of 1947; and this Court having rendered its opinion holding the respondents in default but holding further that judgment against the United States was not an appropriate remedy under the circumstances, and having ruled that an order should be entered prohibiting the respondents from opposing the libellants' claims that the injuries were due to negligence on the part of the personnel of the "Cedar Mills" or unseaworthiness of the vessel; and now, the respondents by the United States Attorney, having moved the Court to enter judgment against themselves as respondents and restrict the further hearings in this matter to proof of damages, it is

Ordered, adjudged and decreed that the respondents be precluded from opposing the libellants' claims that their injuries were due to negligence on the part of the personnel of the "Cedar Mills" or the un-

seaworthiness of the vessel or both; and that the libellants herein recover their damages by reason of the causes and matters alleged in the libel, and that such further hearings be held on this matter in proof of damages and extent of injuries as shall be necessary.