**LESTER v. ISBRANDTSEN CO., Inc. et al.**

Civ. A. No. 5042.

United States District Court
S. D. Texas, Houston Division.
April 10, 1950.

Mandell & Wright (A. J. Mandell), of Houston, Tex., and Carl C. Patrick, of Pasadena, Tex., for plaintiff.

Baker, Botts, Andrews & Parish (James K. Nance), of Houston, Tex. and Royston & Rayzor (Robert Eikel, Jr.) of Houston, Tex., for defendants.

Fulbright, Crooker, Freeman & Bates (Eugene Cavin), of Houston, Tex., for intervenor.

CONNALLY, District Judge.

This is an action for personal injuries allegedly received by the plaintiff, a longshoreman, on August 27, 1948 when he fell through an open hatch on the S. S. Hawaiian, which vessel was being loaded at Houston, Texas. The plaintiff alleges that he was rendered unconscious and received serious injuries which required hospitalization for many weeks. He sues both Isbrandtsen Company, Inc., and American-Hawaiian Steamship Company, Inc., allegedly the operator and owner of the vessel.

The plaintiff has filed interrogatories under Rule 33, Federal Rules of Civil Procedure, of a very general character and likewise has filed motion under Rule 34, seeking an order of this Court to require the defendants to produce and permit the inspection of various instruments and documents as hereinafter set out. The discovery sought by the plaintiff under the two rules is most sweeping, and in a number of instances demand is made for the same data and information under both Rules 33 and 34.

The motion under Rules 34 was set for hearing March 24, 1950, and it was agreed by counsel at that time that the objections of the defendants to certain of the interrogatories propounded under Rule 33 might be argued, and the right of the plaintiff to the discovery under either or both rules might be determined.

Briefly stated, in the motion under Rule 34 the plaintiff requests the production of and right to inspect and copy the following:

(1) Logbook of the S. S. Hawaiian, Aug. 25 to Sept. 1, 1948;

(2) "All statements obtained from any and all persons who purported to be witnesses or have any knowledge regarding

the accident and injury sustained by Plaintiff herein * * *";

(3) Inspection and photographing of the deck of the vessel where the plaintiff allegedly received his injuries.

Among the interrogatories propounded under Rule 33 which the defendants have declined to answer are the following:

"State all of the facts relating to the injury to plaintiff on said date as to which you, or any of your representatives, have obtained information."

"Attach true copies of all written statements obtained from any and all persons who purport to be witnesses ·or have any knowledge regarding the said accident and injuries sustained by said plaintiff, or any matter connected with or related thereto, and true copies or memoranda of any oral statements which you, or your representatives, have obtained or received from such persons. If any of the said statements are alleged to be privileged, state the date and place where taken, the name, address and job classification of the person giving or rendering the statement or report and the name, address and job classification of the person to whom addressed or. taking the same."

"State whether plaintiff made any statements or reports to you, or your representatives, orally or in writing, and if so, attach a true copy of the same, or memorandum thereof."

At the time of oral argument, I indicated to counsel that the logbook for the dates in question should be furnished; that the names and addresses of the members of the crew of the S. S. Hawaiian should be furnished; and that the plaintiff or his representatives should be afforded an opportunity to examine, inspect and photograph such portions of the vessel as he desired. I had grave doubt as to whether the defendants should be compelled to produce the statements of witnesses, reports, communications and other such data procured in preparation for trial and for which demand was made. In view of the liberal interpretation to which the rules of discovery are entitled, however, I reserved judgment on the matter until considering at length the authorities which counsel might submit. I have received lists of authorities from counsel for the parties and have examined them carefully.

As in every problem dealing with discovery under the Federal Rules of Civil Procedure, resort must first be had to Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Many of the questions raised here are answered in that opinion. While some of the data called for may be, the majority of that described in plaintiff's demands is not privileged, Hickman v. Taylor, supra, 329 U.S. at page 508, 67 S.Ct. at page 392. Despite the want of privilege, the production of written statements of witnesses (including the plaintiff), memoranda of any oral statements procured, or reports made by its employees to the defendants or their attorneys may not be compelled unless good cause is shown therefor. Hickman v. Taylor, supra, 329 U.S. at pages 510-511, 67 S.Ct. at page 393; Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811; Cleary Bros. v. Christie Scow Corp., 2 Cir., 176 F.2d 370.

Hence, I shall deny the demand of plaintiff that the defendants answer interrogatories under Rule 33 (which, of course, does not require good cause) wherein such interrogatories make inquiry concerning the existence of, or require the production of statements of witnesses, memoranda of oral statements, reports, communications and similar data which the defendants' files may contain. Obviously, a party cannot require copy of an instrument by demanding it as answer to an interrogatory under Rule 33 where he would only be entitled to production of the original by proceeding under Rule 34 which requires that good cause be shown for its production.

Passing to Rule 34, what good cause does the plaintiff allege which would justify an order for the production of these documents? What compelling reason does he give to warrant deviation from "the public policy underlying the orderly prosecution and defense of legal claims" which protects the work of an attorney from scrutiny by his adversary, Hickman v. Taylor, 329 U.S. at page 510, 67 S.Ct. at page

393? Plaintiff alleges that he was working as a longshoreman, employed by Gulf-Tide Stevedores, Inc., of Houston, Texas, in loading the vessel; that he was temporarily rendered unconscious as a result of the accident and was hospitalized for several months thereafter; that by reason thereof he was unable, at least for the period of hospitalization, to contact the longshoremen who were working with him or the members of the crew of the Hawaiian, and that he is unable to locate these witnesses to the accident. He alleges that the names and addresses of these people are known to the defendants, and that the defendants have conducted an investigation and have the results and products of such investigation in their possession; he alleges further that he "is a working man and has no funds with which to conduct an investigation".

No reason is shown here why an investigation made locally through plaintiff's former employer might not disclose the names of the longshoremen who were working with him. In opposition to plaintiff's contention, defendants' counsel attaches an affidavit to the effect that counsel for the plaintiff had stated to him that he (plaintiff's counsel) had obtained statements from a number, if not from all, longshoremen eyewitnesses to the accident. At any event, the names of the plaintiff's coemployees are as available to him as to the defendants, and I find no good cause requiring the defendants to procure such information and then furnish it to the plaintiff.

■ As stated above, I have heretofore directed that the defendants furnish plaintiff a list of its own crew members, and the defendants have done so. Plaintiff invites my attention to the fact that the home addresses of such witnesses are outside of the State of Texas, and alleges that reason as good cause requiring the production of their statements. Obviously, it will cause some inconvenience to plaintiff or his attorneys to contact such witnesses, but no doubt it has been inconvenient and expensive for his adversaries to do so. No reason is shown why depositions of the absent witnesses may not be procured. In this connection, I might state that it is common knowledge that insurance companies and other large concerns who frequently are confronted with the defense of litigation often employ investigators and attorneys to conduct such investigation for them; frequently they are promptly and completely made and no doubt result in lightening the burden of their trial attorneys. The Court is not blind to the fact, however, that a laboring man has certain similar advantages at his command. Many competent attorneys with an extensive personal injury practice maintain their own investigators who perform similar functions on behalf of their clients. Through their membership in labor organizations, their hiring halls and other such contacts, frequently the location of witnesses, the procuring of their statements, and other phases of investigation of a personal injury action are handled more speedily and efficiently on behalf of a plaintiff than a defendant. It is my opinion and I hold that the absence of the witnesses from this state is insufficient cause to warrant an order requiring production of the statements of such witnesses, Berger v. Central Vermont R. Co., Inc., D.C., 8 F.R. D. 419; Reeves v. Pennsylvania R. Co., D. C., 8 F.R.D. 616.

■ Obviously, production of copy of the plaintiff's own statement, if any, made to the defendants is not for the purpose of giving the plaintiff any information as to the facts. As was admitted in Hickman v. Taylor, plaintiff's counsel here no doubt seeks such copy better to prepare his case for trial; so that he may know what testimony his client heretofore has given, and take care that his testimony at the trial is reasonably consistent therewith. There is no showing that such statement, if any, was procured while the plaintiff was not in full possession of his faculties; nor is any reason given why his present version of the facts should differ from the original. In my opinion, there is no good cause shown for the production of plaintiff's own statement.

I am fully aware of the fact that the District Courts are not in harmony in their decisions upon the matters hereinbefore discussed. No doubt, always a conflict will be found in opinions of the inferior courts where the exercise of wide judicial discre-

tion is required. Counsel for the plaintiff has cited Blank v. Great Northern Ry. Co., D.C., 4 F.R.D. 213; Mulligan v. Eastern S.S. Lines, D.C., 6 F.R.D. 601; Kirshner v. Palmer, D.C., 7 F.R.D. 252; Wild v. Payson, D.C., 7 F.R.D. 495; Newell v. Capital Transit Co., D.C., 7 F.R.D. 732; Lindsay v. Prince, D.C., 8 F.R.D. 233; Hayman v. Pullman Co., D.C., 8 F.R.D. 238; Martin v. N. V. Nederlandsche, etc., D.C., 8 F.RD. 363; Alltmont v. U.S., D.C., 87 F.Supp. 214, 1949 A.M.C., p. 1750; Henz v. U.S., D.C., 9 F.R.D. 291, 1949 A.M.C., p. 1769; O'Neal v. U.S., 79 F.Supp. 827. Most of these cases substantially support the plaintiff's contention and compel the defendants to open their files, requiring very little, if any, good cause therefor. Notable in this interpretation is the District Court for the Eastern District of Pennsylvania being the Court of origin of Hickman v. Taylor, Alltmont v. U.S., and O'Neal v. U.S., cited above. Reversing the action of the Trial Court in the O'Neal and Alltmont cases, the Court of Appeals for the Third Circuit stated: "At the beginning of our consideration we note that the court below, the United States District Court for the Eastern District of Pennsylvania, stands almost alone in the construction which it has placed upon these Rules. The many other district courts which have considered the question have, with virtual unanimity, taken the contrary view that the production of copies of statements of witnesses may not be compelled as of right under Admiralty Rule 34 or its counterpart Civil Procedure Rule 33 and that the production of such statements for examination or copying may only be compelled upon a showing of good cause therefor under Admiralty Rule 32 or its counterpart Civil Procedure Rule 34." Alltmont v. U.S., 3 Cir., 177 F.2d 971 at page 974.

In addition to the cases heretofore cited, others which I consider to constitute the weight of authority and support my holding here are Prelli v. Shepard S. S. Co., D.C., 75 F.Supp. 220; Gill v. Col-Tex Refining Co., D.C., 1 F.R.D. 255; U.S. v. 5 Cases, etc., D.C., F.R.D. 81; Walsh v. Pullman Co., D.C., 9 F.R.D. 107; Safeway Stores, Inc. v. Reynolds, D.C. cir., 176 F.2d 476.

The motion under Rule 34 is granted in so far as it demands production of the log of the S. S. Hawaiian from Aug. 25 to Sept. 1, 1948; production of list of crew members of the S. S. Hawaiian; and in so far as it requests the right to inspect and photograph portions of the vessel. If, as I am advised is the case, the vessel has been sold abroad and is not available, plaintiff may have an order requiring that the defendants make available any photographs they may have thereof, with the defendants to have the right to bring to the Court's attention any objections which they may have to such disclosure of particular photographs prior to entry of the order. Motion will be denied in so far as it demands production of all statements of witnesses and other similar data therein called for.

Clerk will notify counsel, and counsel for plaintiff will present decree.