**UNITED STATES of America,**
**Plaintiff,**

v.

**CERTAIN PARCELS OF LAND IN CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA, Heirs and Devisees of Violette M. Lee, Deceased, et al., and Unknown Owners, Defendants.**

**No. 36669.**

United States District Court
N. D. California, S. D.

Dec. 9, 1959.

Robert Schnacke, U. S. Atty., San Francisco, Cal., for plaintiff.

David J. Levinson, James J. Duryea, San Francisco, Cal., for defendants.

SWEIGERT, District Judge.

In this eminent domain action, defendant has sought, pursuant to Rule 34, Federal Rules of Civil Procedure, 28 U. S.C.A., the production of documents prepared by government appraisers for the purpose of valuing the particular parcels of land involved.

The government has filed objections to the discovery of these appraisers' reports upon the ground that they contain important opinionative material and expert conclusions, the product of the professional mental processes of hired real estate appraisers.

■ Rule 34 was designed to afford liberal discovery, upon the showing of good cause, of unprivileged documents, already existing and material to the pending action, in the possession of a party. See, generally, 2 Barron & Holtzoff, Federal Practice and Procedure, Sections 791 et seq., 483–527 (1950).

■ Yet, not every document is, *ipso facto*, discoverable. Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. One of the lines of limitation, which federal courts have drawn, relates to the discovery of opinionative material. Generally, the courts have denied pre-trial discovery of expert reports and opinion, see the cases cited in 4 Moore, Federal Practice, par. 26.24, footnote 5, and, where discovery has been allowed, compelling reasons have existed therefor.

United States v. 50.34 Acres of Land, D. C.E.D.N.Y.1952, 13 F.R.D. 19; Colden v. R. J. Schofield Motors, D.C.N.D.Ohio 1952, 14 F.R.D. 521.

In denying the discovery of expert opinion, a minority of courts have, nevertheless, allowed the discovery of the actual facts upon which the expert conclusions were based. Walsh v. Reynolds Metals Co., D.C.D.N.J.1954, 15 F.R.D. 376, and this solution has been applied to the discovery of appraisers' reports in condemnation proceedings, even where it has occasioned the use of a difficult and elaborate technique for the separation of fact and opinion, United States v. Certain Parcels of Land, D.C.S.D.Cal.1953, 15 F.R.D. 224.

■ We are not confronted here with any special circumstances which might justify an exception to the general rule as to non-discoverability of opinionative matter. We, therefore, deny the motion to discover the expert opinion contained in the appraisers' reports.

There can be no valid objection, however to the discovery of relevant, unprivileged factual data in the hands of plaintiff even though it may be connected in some way with the appraisal opinion.

■ We have examined these appraisal reports *in camera*, and are of the opinion that the facts referred to therein are already available to the moving party, and, undoubtedly, are the same facts which form the basis for the conclusions of its own appraisers. Commonly known and readily available data is not the proper subject of discovery procedure. United States v. Certain Acres of Land, D.C.M.D.Ga.1955, 18 F.R.D. 98; United States v. 6.82 Acres of Land, D.C.D.N.M. 1955, 18 F.R.D. 195; United States v. 7,534.04 Acres of Land, D.C.N.D.Ga.1954, 18 F.R.D. 146. Consequently, nothing can be gained by ordering a procedure for the separation and discovery of such factual material.

The motion is denied.