John L. STOVALL, Plaintiff,

v.

GULF AND SOUTH AMERICAN STEAMSHIP COMPANY, Inc., et al., Defendants.

Civ. A. No. 12988.

United States District Court
S. D. Texas,
Houston Division.

Jan. 26, 1961.

Mandell & Wright, Arthur J. Mandell, Houston, Tex., for plaintiff.

Royston, Rayzor & Cook, Carl Bue, Jr., Houston, Tex., for defendant Gulf and South American Steamship Co., Inc.

Andrews, Kurth, Campbell & Jones, F. L. Andrews and Lewis T. Sweet, Jr., Houston, Tex., for defendants Phillips Chemical Company and Phillips Terminal Co.

INGRAHAM, District Judge.

Defendants Phillips Chemical Company and Phillips Terminal Company object to these interrogatories propounded by plaintiff under Federal Rule of Civil Procedure 33, 28 U.S.C.A.: 22, 23, 28,

30, 32, 33, 34, 38, 39, 40, 43, 44, 48 and 49.

■■ The production of statements of witnesses and other documents may not be required in answer to interrogatories under Rule 33. Such documents are obtainable only pursuant to Rule 34, which rule requires a preliminary showing of "good cause". A request to describe in detail and give the contents of documents and statements is equivalent to a request for the documents themselves; such a request must be made under Rule 34, not Rule 33. Alltmont v. United States, 177 F.2d 971 (3rd Cir. 1949); Harvey v. Levine, 25 F.R.D. 15 (N.D.Ohio 1960). This subject is illuminated in an excellent manner in an opinion by Judge Connally in Lester v. Isbrandtsen Co., 10 F.R.D. 338, 340 (S.D. Tex. 1950).

■ With these rules in mind as to the line of demarcation between the functions of Rules 33 and 34 I sustain defendants' objections on these grounds to interrogatories Nos. 30, 40, 44, 48 and 49. Each of these five interrogatories is objectionable on the grounds that it seeks, either expressly or in effect, the production of statements of witnesses. Two illustrations will suffice to show the objectionable character of these interrogatories. No. 30 requests that defendants *"state in detail* what report was given" with respect to the breaking of the crane (emphasis supplied). This is a request for the contents of statements not available under Rule 33. No. 49 asks whether statements were obtained from any witnesses relating to plaintiff's injuries and then asks that the contents of such statements be set forth in detail. This is a prohibited request for documents under Rule 33.

■■ Any interrogatory which is too general and all-inclusive need not be answered. Auer v. Hershey Creamery Co., 1 F.R.D. 14 (D.N.J.1939); Hartford-Empire Co. v. Glenshaw Glass Co., 4 F.R. D. 210 (W.D.Pa.1943). A condemnation of interrogatories, similar to some at bar, which request "all" of various broad categories is found in Sheffield Corp. v. George F. Alger Co., 16 F.R.D. 27, 29 (S.D.Ohio 1954). Interrogatories Nos. 38 and 40 are so general and loose that no answer should be required. For example, No. 38 commences, "Please state all the facts in your possession * * *", relative to certain occurrences. How can the court make enforceable orders with reference to "all" of anything? Interrogatory No. 39 is repetitious of No. 26 and will be denied on that ground. In summary as to defendants' objections to interrogatories, Nos. 30, 38, 39, 40, 44, 48 and 49 are objectionable and need not be answered. The remaining objections as to relevancy and the like have been considered. Such objections are without foundation.

■ Three of plaintiff's requests for production of documents under Federal Rule of Civil Procedure 34 are also disputed. Rule 34, unlike Rule 33, requires a showing of "good cause" as a condition precedent to its relief. The parties are in dispute with respect to the fourth request:

> "4. The report, or reports, or any excerpts from any expert, or experts, * * * who have examined said crane and the broken portion of said crane causing Plaintiff's injuries, * * * which may show * * * the condition of said crane * * * before and/or immediately after the same broke * * *."

Defendants say no showing of "good cause" has been made here. Where, as here, defendants are willing to make available to plaintiff the piece of metal in question, defendants argue plaintiff must first show why he cannot conduct his own tests before he should be permitted to discover defendants' reports. In its briefs plaintiff relies only upon humanitarian considerations or factors to buttress its fourth request, i. e., plaintiff says adequate cause is found in the

"horrible disabilities" visited upon him as a result of the injury at bar.

The decisions are in conflict as to the right of a party to require production of expert opinion obtained by his adversary. In 4 Moore's Federal Practice, Sec. 26.24, p. 1158, it is said:

"* * * The court should not ordinarily permit one party to examine an expert engaged by the adverse party, or to inspect reports prepared by such expert, in the absence of a showing that the facts or the information sought are necessary for the moving party's preparation for trial and cannot be obtained by the moving party's independent investigation or research."

Based on this criteria, defendants' objections to plaintiff's fourth request under Rule 34 will be sustained. Plaintiff has made no showing of "good cause" here. The terrible character of the misfortune which has allegedly befallen plaintiff does not furnish "good cause". Analogous cases denying such documents are Lewis v. United Air Lines Transport Corp., 32 F.Supp. 21 (W.D.Pa.1940), and United States v. Certain Parcels of Land, 25 F.R.D. 192 (N.D.Cal.1959).

In No. 10 plaintiff requests the records of repairs made to the crane after the injury occurred. Defendants say such records are irrelevant because repairs made to the crane after the accident at issue are not probative as to what happened before or on the day of the incident. Defendants' objection to No. 10 on the ground of relevancy will be denied. Obviously, the repair documents are pertinent to what portion of the crane broke and what caused it to break.

Plaintiff's request No. 8 is as follows:

"8. Any records in possession of the Defendant Phillips Chemical Company showing the following:

\* \* \* \* \* \*

"(b) Any memorandums stating what occurred;

"(c) Any memorandums showing what Plaintiff had been doing at the time of the injury;

"(d) Any statement or memorandum obtained from the two operators of the crane at the time when Plaintiff was injured. * * * "

Defendants contend plaintiff has failed to show good cause or any necessity why the statements of these witnesses should be produced. After a careful reading of plaintiff's pleadings and briefs I can find no clear articulation of compelling reasons for obtaining such documents. Plaintiff does make this statement at page 4 of his memorandum of June 6, 1960:

"At this time Plaintiff is a cripple and unable to move around and there is no way of obtaining the information sought except by use of the discovery rules provided for by the Federal Rules of Civil Procedure."

Once again, sympathetic, humanitarian impulses are no substitute for a cogent showing of "good cause". Defendants' objection to request No. 8 will be sustained; no "good cause" is shown. See a similar disposition of such requests in Lester v. Isbrandtsen, supra. My conclusion here finds additional support in Goldner v. Chicago & N. W. Ry. Sys., 13 F.R.D. 326 (N.D.Ill.1952), and Mitchell v. Bass, 252 F.2d 513 (8th Cir. 1958).

In summary, defendants' objections to interrogatories Nos. 22, 23, 28, 32, 33, 34 and 43 will be overruled, while defendants' objections to interrogatories Nos. 30, 38, 39, 40, 44, 48 and 49 will be sustained. Defendants' objections to production requests Nos. 4 and 8 will be sustained, while the objection to No. 10 will be overruled. The clerk will notify counsel to draft and submit appropriate order.