## COLDEN v. R. J. SCHOFIELD MOTORS et al.

### Civ. No. 28760.

United States District Court
N. D. Ohio.
April 22, 1952.

M. C. Harrison, Craig Spangenberg, Cleveland, Ohio, for plaintiff.

Edward D. Crocker, Cleveland, Ohio, for defendant Kaiser-Frazer Corp.

Frank X. Cull, Cleveland, Ohio, for other defendants.

JONES, Chief Judge.

Defendant Kaiser-Frazer Corporation, by interrogatory, requests production of a statement or report made in writing by plaintiff's expert and taken by her attorney. Plaintiff is willing to treat the request as a motion for production of the statement. She objects to the request, how-

ever, on the ground that the statement is part of the "work product" of one of the plaintiff's attorneys and is therefore privileged against discovery under Rules 33 or 34, 28 U.S.C.A., relying on Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451.

Since the decision in Hickman v. Taylor, supra, makes it clear that the statement of plaintiff's expert here does not fall within the attorney-client privilege, it remains to be determined only here whether the statement is privileged against discovery as the "work product" of plaintiff's attorney.

■■■■ Among other things, the principles of the decision in Hickman v. Taylor, supra, extend to disclosures in rare situations having exceptional features which make the disclosures necessary in the interest of justice and where the party seeking discovery is not otherwise able effectively to secure the information. It seems to me the present situation is one calling for the application of such principle. Due to the disassembly of the automobile involved for the purpose of making the inspection and examination upon which the expert's statement was based, defendant is not now in position to obtain the information elsewhere. Possibly the information might be secured by taking the deposition of the plaintiff's expert, but in the interest of time and the expedition of the litigation I think the objection to the defendant's request should be denied and the statement, or a true copy thereof, be produced and furnished the defendant.

It is so ordered.