**WALSH**

v.

**REYNOLDS METALS CO. et al.**

**Civ. A. No. 427-53.**

United States District Court,
D. New Jersey.
April 15, 1954.

Avidan & Avidan, by John J. Bracken, Jr., Newark, N. J., for plaintiff.

Stryker, Tams & Horner, by William L. Dill, Jr., Newark, N. J., for defendant Reynolds Metals Co.

Emory, Langan & Lamb, by James B. Emory, Jersey City, N. J., Paul B. Thompson, Newark, N. J., for defendant Union Carbide & Carbon Corp.

HARTSHORNE, District Judge.

In this death case, as to which litigation has been instituted in several districts other than this, plaintiff has moved under Fed.Rules Civ.Proc. rule 34, 28 U.S.C.A., for an order compelling the defendant, Union Carbide & Carbon Corporation, to produce and permit the inspection and copying of a written report as to the inspection made of the heating device involved in the suit by one Paul E. Peacock, Jr., a heating expert. Said defendant objects to production of the same, claiming same to be privileged, as the opinion of an expert, and also not obtainable as a part of the "work product" of its attorney. Hickman v. Taylor, 1946, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451.

Briefly, the facts are, that a propane gas stove exploded, killing plaintiff's decedent, in the summer camp of one Tantleff near Saranac Lake, New York. The propane was manufactured by Union Carbide & Carbon Corporation. The stove was manufactured by defendant Ruud Manufacturing Company, and plaintiff claims that defendant Reynolds Metals Company manufactured certain of the parts of such stove. Only a week after the accident, Union Carbide's local attorney, one Lawler, advised Union Carbide, or its agent, to have the equipment examined by an expert. Peacock, the expert, arrived in a few days and made the examination in the presence of Lawler and some local plumbers. During the examination, Peacock took notes of the facts found by both him and the plumbers, later, on his own responsibility, submitting the report thereon, now called for on this motion. The plumbers, with the permission of Tantleff, the owner,

took certain parts of the equipment in question to town, apparently returning them later.

█ It would seem questionable whether this report was a part of the "work product" of defendant Union Carbide's counsel, under Hickman, which dealt solely therewith. But it might well be a "statement of prospective witnesses which a party has obtained for his trial counsel's use" and therefore be considered counsel's "work product" under Alltmont v. U. S., 3 Cir., 1950, 177 F.2d 971, 976, a rule governing this Court, but as to which the Federal authorities are in conflict. Compare 4 Moore Federal Practice, Par. 26.23(8). But note that the Federal rule does not, as does the State rule in New Jersey, expressly protect writings obtained by a party's "surety, indemnitor, or agent". N.J.R.R. 4:16–2. But even so, the "work product" of a party's attorney is not sacrosanct. It is discoverable by the other side if "there are special circumstances * * * which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying." Alltmont, 177 F.2d at page 978. Specifically "production might be justified where the witnesses are no longer available * * *." Hickman, 329 U.S. at page 511, 67 S.Ct. at page 394. The same situation exists where the evidence, in its original state, is no longer available. Such is doubtless the situation here, where the equipment was not only disconnected during the course of the inspection at the summer camp, but where certain important parts were removed by the plumbers, engaged by Union Carbide, to their shop before being returned. Under such circumstances, the best evidence of the condition in which this equipment was, right after the explosion, are the notes made of such condition by the expert, Peacock, presumably incorporated in his report, now the subject of the motion. This report would certainly be more reliable than the recollection, some two years later, of these plumbers, who worked in conjunction with the defendants, and without memoranda to refresh their recollection.

█ Thus the "necessity or justification," Hickman, 329 U.S. at page 510, 67 S.Ct. at page 393, exists, to obtain discovery of the otherwise protected "work product" of the lawyer. Moreover, these very facts constitute the "good cause" requisite for the issuance of the order of inspection and copying under F.R.C.P. 34.

█ But while plaintiff is thus entitled to discovery of the actual facts as to the equipment which bore on the fatal explosion, there is real question whether plaintiff is entitled to ascertain, not only such objective facts, but the subjective expert conclusions of Peacock from such facts. It should, of course, be noted that the Federal Rules do not contain the provision of the New Jersey Rules that no discovery is to be had of "any part of a writing which reflects * * * the conclusions of an expert." N.J.R.R. 4:16–2. "Good cause therefor" must also be shown under the above rule. And not only are these conclusions not objective facts, which are the prime object of discovery, but such conclusions have not been rendered unavailable to the parties, as have the physical parts of the equipment in their original condition, by their removal from the premises to the shop of the plumbers. Nor is plaintiff at all prejudiced in preparation for trial by the lack of such expert conclusion. He can obtain his own expert conclusion, upon the basis of the objective facts doubtless contained in the report in question, and of course, if such facts do not so appear, this court is still open.

█ This, moreover, will be fair to the expert witness, as well as to Union Carbide, in view of the property right of the expert himself, and of his client, in his own expert conclusions, which, while discoverable to the state or the

government for the protection of the public, are not normally discoverable to a private party who does not pay for them. Stanton v. Rushmore, E. & A., 1933, 112 N.J.L. 115, 169 A. 721; Hull v. Plume, E. & A., 1944, 131 N.J.L. 511, 37 A.2d 53; Pennsylvania Co. for Insurances on Lives and Granting Annuities v. City of Philadelphia, Pa.Sup., 1918, 262 Pa. 439, 105 A. 630, 2 A.L.R. 1573; Boynton v. R. J. Reynolds Tobacco Co., D.C.Mass.1941, 36 F.Supp. 593. But compare 4 Moore Federal Practice, Par. 26.24. Indeed, by F.R.C.P. 30(b), expressly made applicable to such a motion as the present, " * * * the court * * * may make an order that * * * the scope of the examination shall be limited to certain matters * * * or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment or oppression."

Thus an order will issue, requiring defendant Union Carbide & Carbon Corporation to produce, and permit the inspection and copying, of the report to it on the equipment in question of Paul E. Peacock, Jr., such report to have excluded therefrom, by this Court if counsel desire, the conclusions of said Peacock thereon, as distinguished from the facts as to such equipment.