**UNCLE BEN'S, INC., Plaintiff,**

v.

**UNCLE BEN'S PANCAKE HOUSES, INC., et al., Defendants.**

Civ. A. No. 13792.

United States District Court
S. D. Texas,
Houston Division.

July 13, 1962.

McGregor, Sewell & Junell, Ben G. Sewell, Houston, Tex., for plaintiff.

Butler, Binion, Rice & Cook, James A. Bargfrede, Houston, Tex., for defendants.

INGRAHAM, District Judge.

Plaintiff, Uncle Ben's, Inc., is suing defendants, Uncle Ben's Pancake Houses, Inc., et al., for trademark infringement, unfair competition and unjust enrichment.

Defendants have submitted a motion to produce documents requested pursuant to a subpoena duces tecum. Plaintiff opposes the motion by relying on (a) the work product rule enunciated in Hickman v. Taylor, 329 U.S. 495, 67

S.Ct. 385, 91 L.Ed. 451, and (b) attorney-client privilege. By agreement, the parties have submitted the documents in question to the court. The documents submitted fall into three categories: (1) reports prepared by a private investigator for John A. Dienner, Jr., of Brown, Jackson, Boettcher & Dienner, plaintiff's counsel (labelled 1–17 by the court); (2) a letter from C. S. Redford, plaintiff's Vice President, to John A. Dienner, Jr. (labelled 18 by the court); and (3) a letter from Redford to the firm of private investigators who prepared the reports referred to above (labelled 19 by the court). The documents in question contain background information on the business affairs of the defendants, with particular reference to the use of the name Uncle Ben's, gathered both by agents of plaintiff and by the investigators hired by plaintiff's counsel.

The threshold issue in deciding this motion is has defendant shown the requisite good cause required in both Rules 34 and 45 of the Federal Rules of Civil Procedure. 28 U.S.C.A.[1] There can be no doubt that the information embodied in the letter from the plaintiff to its counsel is protected by the attorney-client privilege and is therefore beyond the reach of the defendants.[2] On the other hand, the remaining items could be said to be subject to discovery if the requirement of good cause has been met,[3] but it is unnecessary to enlarge on this point because defendants have in fact failed to show good cause.

This court has always favored a liberal construction of the requirement of good cause especially if the plaintiff is being asked to produce,[4] but even the most liberal construction cannot obviate the court's duty to draw some line past which the party moving for production of documents cannot go.

The facts disclosed by the documents are matters which are known, or should be known, to defendants. As we have said before, the test to be used is based principally on considerations of practicality.[5] This can be broken down into two alternative requirements (a) lack of independent means of discovery, and (b) need for documents in their original form.[6] Using these requirements as a touchstone we note the following facts: (1) the documents in question relate to the defendants' business affairs, matters not peculiarly in the grasp of the plaintiff; (2) all those who were instrumental in preparing these documents are known to the defendants and are available for examination by deposition or interrogatories if the defendants choose; and (3) defendants have not even attempted to show that they need the originals of these documents to pre-

---

1. For authority that both Rules 34 and 45 require good cause to be shown see United States v. 6.82 Acres of Land, 18 F.R.D. 195 (D.N.M.1955), 4 Moore Federal Procedure, Sec. 26.10, at p. 1053–54.

2. Wild v. Pavson, 7 F.R.D. 495 (D.C.N.Y. 1947) (holding that "privileged" in the federal rules should be interpreted as it is in the law of evidence). See United States v. United Shoe Corp., 89 F.Supp. 357 (D.Mass.1950), and McCormick, Evidence, Sec. 93, for discussions indicating a letter from a client to his attorney is privileged.

3. Compare 2A Barron & Holtzoff, Federal Practice & .Procedure, (Rev.Ed.1961), Sec. 652.2 at 130–131, with Developments-Discovery, 74 Harv.L.Rev. 942 at 1031-

33, for discussions that reach different conclusions on the protection to be given to investigator's reports. Also see Himmelfarb v. United States, 9 Cir., 175 F.2d 924, 938–39, for a discussion of the application of the attorney-client privilege when disclosure is made to the attorney's agent.

4. See, e. g., United States v. National Steel Corp., 26 F.R.D. 603, 605 (S.D.Texas 1960) (" * * * a liberal construction is desirable".)

5. United States v. National Steel Corp., supra, at 605 ("Considerations of practical convenience are of prime importance.")

6. See Developments—Discovery, 74 Harv. L.Rev. 942 at 1033.

pare their case. Thus defendants are not prejudiced by their failure to compel production.

■■ Many authorities on the Federal Rules have stressed the fact that good cause should place less of a burden on a party seeking production of allegedly privileged documents than is placed on one seeking production of documents claimed to be protected by the work product rule.[7] Thus it could be said that the test proposed above is too strict to be applied to the letter from Redford to the private investigator (labelled 19). But in fact defendants have not made even the limited showing necessary when privilege is alleged. If the moving party can get the information without resorting to the discovery process, good cause does not exist.[8]

Defendants' motion to compel production of documents will be denied. The clerk will notify counsel to draft and submit appropriate order.

7. See, e. g., 4 Moore Federal Procedure, Sec. 34.08 at 2453–54; 2A Barron & Holtzoff Federal Practice and Procedure (Rev.Ed.1961), Sec. 796 at pg. 425.

8. See, e. g., Reid v. Harper & Bros., 17 F.R.D. 281 (S.D.N.Y.1955).