Mrs. Mildred LEE, a Widow, Plaintiff,

v.

CROWN CENTRAL PETROLEUM CORPORATION, Defendant.

Civ. A. No. 13548.

United States District Court
S. D. Texas,
Houston Division.

June 5, 1963.

Hill, Brown, Kronzer, Abraham, Watkins & Steely, Curtiss Brown, Houston, Tex., for plaintiff.

Baker, Botts, Shepherd & Coates, Alvin M. Owsley, Jr., Houston, Tex., for defendant.

**12**

INGRAHAM, District Judge.

This case, a civil action for wrongful death brought by the widow, is before the court on defendant's motion to quash plaintiff's notice of a deposition of M. E. Holmberg or to limit the scope of the matters inquired into. Mr. Holmberg is an expert hired by defendant to investigate the explosion in defendant's plant that allegedly resulted in decedent's death. The nature of the dispute between the parties is indicated by the following colloquy between counsel:

"MR. BROWN: First, I was going to inquire about his presence and whether he has custody of the actual pot or receptacle, or whatever may be termed the instrumentality that is involved in this very suit, of which I consider there's no doubt in the world that I can inquire as to what he did with that, and what damage, if any, his tests caused; and, whether or not he has present possession of the instrumentality that is the basis of this suit. And, I don't believe that, in good faith, you could prevent such questions.

"Secondly, and equally clear, without going into any matters of opinion or views on the matter, I think we clearly have the right to go into what he actually viewed at the scene, if he visited the scene; I don't know whether he did or not. I intended to ask those questions.

"Thirdly, I feel that in the Federal Court we do have a right, under these circumstances, to go into his views and opinions, or his findings, particularly if he has destroyed or changed the material of the pot or receptacle involved.

"Now, in view of that statement, do you intend to change your instructions to this witness?

"MR. MALINAK: At this time, I do not.

"MR. BROWN: You will not let him answer inquiries about any one of those different ones?

"MR. MALINAK: That is correct."

■ ■ The right to depose experts hired by the opposing party has been limited both by reference to Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451, or on general considerations of fairness, 4 Moore, Federal Practice, Sec. 26.24, pg. 1523. But the courts have recognized that this limitation can be overcome by a showing of good cause by the party seeking the information. 4 Moore, supra, at 1531–34. This court has said that the showing of good cause is basically a matter of practicality and that this requirement can be broken down into two components (a) lack of independent means of discovery; (b) need for documents in their original form. Uncle Ben's Inc. v. Uncle Ben's Pancake Houses, D.C., 30 F.R.D. 506, 508. In the case at bar the plaintiff has made the following points in a sworn affidavit: plaintiff has had no opportunity to observe the scene of the explosion at least in its original condition; there is reason to believe that defendant's expert has during the course of his tests moved or perhaps modified the apparatus that is believed to be the cause of the explosion; defendant's expert carefully studied the site of the explosion in its original condition. It is the court's opinion that by this showing plaintiff has fulfilled the burden, as to factual matters known by the expert, put on him by the requirement of good cause. For this reason defendant's motion to quash the notice of deposition will be denied. In making this decision this court is following others who have recognized the importance of access to the information in its original condition as an important consideration in passing on these problems. See e. g. Colden v. R. J. Schofield Motors, D.C., 14 F.R.D. 521. In an accident case, even the strong probability that such changes may have been made when combined with lack of opportunity to make an inspection at the time should suffice.

**13**

As to the matter of the opinions and conclusions reached by Mr. Holmberg, plaintiff's showing of good cause stands on a different footing. There is no reason to believe that once the deposition has developed the underlying facts, an expert hired by the plaintiff herself could not come to independent conclusions. If a case were to arise where such an opinion was unsupportable, it would have to be considered on its own merits. Therefore the court will grant defendant's motion to limit matters inquired into to this extent. By doing so it is felt that a balance between the needs of the plaintiff in this case and the necessity to preserve and encourage the adversary system will be struck. See Developments in the Law-Discovery, 74 Harv.L.Rev. 940, 1027–28, 1031–32, 1038.

The Clerk will notify counsel to draft and submit appropriate order.