### Jody E. FRANKS
### v.
### NATIONAL DAIRY PRODUCTS CORPORATION.
### Civ. A. No. 1590.

United States District Court
W. D. Texas,
Austin Division.

Oct. 31, 1966.

Tom Davis, Byrd, Davis & Eisenberg, Austin, Tex., for plaintiff.

William L. Garwood, Graves, Dougherty, Gee, Hearon, Moody & Garwood, Austin, Tex., for defendant.

## MEMORANDUM OPINION

FISHER, District Judge.

This is a products liability case in which the plaintiff alleges that he was draining melted "Kraft Red Label type" shortening from a deep fry cooker into a dry, empty container when the shortening "either exploded, burst into flame or in some other manner sprayed out of the container" with the result that plaintiff was burned and scarred by the hot shortening.

It is undisputed that after the explosion of the shortening the plaintiff's attorney, as part of his investigation of the case, sent a sample of the shortening that was involved in the explosion to a research laboratory where the submitted sample was analyzed or tested for the purpose of determining the cause of the explosion. Following these tests or analyses, the research laboratory made a

written report of their findings and conclusions which were sent to the attorney representing the plaintiff.

Defendant filed a motion under Rule 34, Fed.R.Civ.P., seeking an order requiring the plaintiff to produce and permit defendant to inspect and copy "each written report or memorandum * * * of each and every chemical, engineering or other tests, experiment or analysis, made * * * on behalf of plaintiff or anyone acting for plaintiff on any of the shortening or cooking oil or other matter which allegedly exploded and injured plaintiff * * *," which are in the "possession, custody or control" of the plaintiff, and which "contain matter and evidence relevant and material to the subject matter involved in this action and are reasonably calculated to lead to the discovery [of] admissible evidence." It is the above described report of the research laboratory which defendant seeks to discover under Rule 34.

Rule 34 empowers the court, upon motion of any party "showing good cause therefor" to order any other party to the action who may have "in his possession, custody, or control" such objects "to produce and permit the inspection and copying * * * of any designated documents, papers * * * letters * * * or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) * * *"

The scope of examination authorized by Rule 26(b) is "any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * including the existence, description, nature, custody, condition and location of any * * * documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

Moreover, the scope of the examination thus specifically authorized is broadened by the general provision of Rule 26(b) which provides:

"It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

The above quoted provisions of the Federal Rules of Civil Procedure represent a significant development in broadening the scope of discovery allowed prior to their adoption by Title 28, U.S.C., Section 639 et seq. As stated by Mr. Justice Douglas, the purpose underlying the adoption of the rules was to:

"* * * make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." United States v. Procter & Gamble Company, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077.

And, Rule 1, F.R.Civ.P., charges that the rules "* * * shall be construed to secure the just, speedy, and inexpensive determination of every action."

The first statement by the Supreme Court on the scope of discovery permitted is found in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Although the court held the plaintiff was not entitled to discover the defendant's lawyer's statements he had taken from prospective witnesses, the court said:

"We agree, of course, that the deposition—discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition—discovery procedure simply advances the stage at which the disclosure can be compelled from the time of

trial to the period preceding it, thus reducing the possibility of surprise." 329 U.S. 507, 67 S.Ct. 392.

These general principles are based upon considerations of fair play and substantial justice and require the courts to interpret Rule 34 so as to give the broadest sweep for production, inspection and copying of documents or objects in the possession or control of another party. Martin v. Reynolds Metal Corporation, 297 F.2d 49 (9th Cir., 1961).

Plaintiff, however, contends that the report from the testing laboratory is beyond the scope of discovery because the report contains the results of a factual analysis and conclusions based thereon rendered by an expert who was hired by his attorney to assist in the preparation of this case; and, that the report is privileged.

The question of whether or not an expert witnesses' report is discoverable has been the subject of some controversy and had led to dichotomous results. This can best be illustrated summarily; for example, in the following cases the courts have held that an expert witness is immune from discovery: United States v. 900.57 Acres, 30 F.R.D. 512 (W.D.Ark. 1962), expert appraisal reports; Stovall v. Gulf & South American Steamship Co., 30 F.R.D. 152 (S.D.Tex.1961), metal expert's report; E. I. Du Pont De Nemours & Co. v. Phillips Petroleum Co., 23 F.R.D. 237 (D.Del.1959), expert's report on chemical; Carpenter-Trant Drilling Co. v. Magnolia Petroleum Corp., 23 F.R.D. 257 (D.Neb.1959), engineer and geologist report; United States v. Certain Acres of Land, etc., 18 F.R.D. 98 (M.D.Ga.1955), expert land appraisers; United States v. 7,534.04 Acres of Land, 18 F.R.D. 146 (N.D.Ga. 1954), expert land appraisers; Roberson v. Graham Corporation, 14 F.R.D. 83 (D.Mass.1952), expert on antiques; Cold Metal Process Co. v. Aluminum Company of America, 7 F.R.D. 684 (D. Mass.1947), metallurgist; United States

v. 88 Cases, etc., 5 F.R.D. 503 (D.N.J. 1946), chemist's analysis of orange beverage; United States v. 720 Bottles, etc., 3 F.R.D. 466 (E.D.N.Y.1944), chemist's analysis of vanilla extract; Lewis v. United Air Lines Transport, 32 F.Supp. 21 (W.D.Pa.1940), consulting engineer's report.

Other courts hold that an expert witness, or an expert witnesses' report, is the proper subject for discovery. However, these cases draw a distinction between discovery of the facts upon which the expert bases his opinion and discovery of the expert's opinion or conclusion derived from these facts.

For example, in the following cases only the facts upon which the expert bases his conclusion or opinion were discoverable: Lee v. Crown Central Petroleum Corp., 33 F.R.D. 11 (S.D.Tex.1963), explosion expert; People of State of Cal. v. United States, 27 F.R.D. 261 (N.D.Cal.1961), report of fire investigation; Walsh v. Reynolds Metal Co., 15 F.R.D. 376 (D.N.J.1954), report of gas equipment expert; United States v. Certain Parcels of Land, etc., 15 F.R.D. 224 (S.D.Cal.1953) [and copious authorities cited at page 235], land appraiser's report.

On the other hand, in the following cases the facts and the opinions or conclusions of the experts were held to be discoverable: United States v. 364.82 Acres of Land, etc., 38 F.R.D. 411 (N.D.Cal.1965), land appraiser's report; Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc., 21 F.R.D. 347 (S.D.N.Y. 1958), Motion picture expert; Russo v. Merck & Co., 21 F.R.D. 237 (D.R.I. 1957), experts on blood plasma; Colden v. R. J. Schofield Motors, 14 F.R.D. 521 (N.D.Ohio 1952), automotive expert's report; Sachs v. Aluminum Company of America, 167 F.2d 570 (6th Cir., 1948), metallurgist; Cold Metal Process Co. v. Aluminum Company of America, 7 F. R.D. 425 (N.D.Ohio 1947), metallurgist; Bergstrom Paper Co. v. Continental In-

surance Co., 7 F.R.D. 548 (E.D.Wisc. 1947), engineer's report.

The Advisory Committee on Amendments to the Federal Rules of Civil Procedure recommended at one time that the conclusions of experts should not be discoverable, however, the Supreme Court, in keeping with the spirit of the rules, refused to adopt this recommendation (see: Armstrong, Report of Advisory Committee, 5 F.R.D. 339, 356). The reason behind the Supreme Court's action in refusing to exclude the opinions of experts from discovery would seem to be apparent. In almost every case where expert testimony is involved, the conclusions of the experts, and the tests and assumptions which support the experts' opinions, will be the areas where the issues exist and, decisions frequently turn on the experts' testimony. United States v. Nysco Laboratories, Inc., 26 F.R.D. 159 (E.D.N.Y.1960). Without discovery, such evidence and issues will be unknown to opposing counsel until it is too late to effectively cross-examine an expert or prepare rebuttal evidence. More importantly, unless the position of each party is known along with the basis for taking such position, no intelligent evaluation can be made for settlement purposes. New York Central R. R. Co. v. Carr, 251 F.2d 433 (4th Cir., 1957).

Professor Friedenthal has observed in this regard:

"Unlike the attorneys' impressions or those of the client or his investigators as to the value of certain evidence or the veracity of a potential witness, the opinions and conclusions of an expert constitute evidence in themselves, and may be the only way in which to establish facts material to the case. Indeed, the report of an expert to the attorney is sought for the purpose of obtaining such facts and it can hardly be said that once in the hands of the attorney the information becomes 'protected conclusions' anymore than does an eye witness account by any other witness."

Friedanthal, Discovery and Use of an Adverse Party's Expert Information, 14 Stan.L.Rev. 455, 472 (1962).

Accordingly, unless some compelling reason can be advanced for a contrary conclusion, the factors discussed above compel the conclusion that names of expert witnesses and their reports containing both factual data and conclusions are the proper subject for production, inspection and copying under Rule 34. Nor does any valid reason exist why they should not also be discoverable under Rules 26(b), 31 and 33.

██ The contention that the report is privileged does not prevent discovery in this case. In United States v. Reynolds, 345 U.S. 1, 6, 73 S.Ct. 528, 531, 97 L.Ed. 727, Chief Justice Vinson stated that the "term 'not privileged' as used in Rule 34, refers to 'privileges' as that term is understood in the law of evidence." In 8 Wigmore, Evidence, § 2285 (3rd Ed., 1940), the author states there are four conditions necessary to the establishment of a privilege against disclosure:

"(1) The communication must originate in a confidence that they will not be disclosed.

"(2) This element of confidentiality must be essential to the full and satisfactory maintenance of the relation between the parties.

"(3) The relation must be one which in the opinion of the community ought to be sedulously fostered.

"(4) The injury that would inure to the relation by the disclosure of the communications must be greater than the benefit thereby gained for the correct disposition of the litigation.

"Only if these four conditions are present should the privilege be recognized."

██ Inasmuch as the four fundamental conditions are not present in the relationship of the plaintiff and the testing laboratory, the expert's report cannot be deemed "privileged" as under-

stood in the law of evidence, Maginnis v. Westinghouse Electric Corporation, 205 F.Supp. 739 (E.D.La.1962), and should be produced for inspection and copying by the defendant.

The "good cause" requirement is probably the most difficult and controversial aspect of Rule 34. In 1955 the Advisory Committee on Federal Rules of Civil Procedure recommended the requirement of "good cause" be eliminated from Rule 34. See 4 Moore, Federal Practice, Par. 34.01 (Supp.1962, pp. 116–117). In the *Hickman* case, Mr. Justice Jackson stated that:

"It seems clear and long has been recognized that discovery should provide a party access to anything that is evidence in his case." 329 U.S. at 516, 67 S.Ct. at 396.

Quite appropriately, some courts have taken the position that if the documents are or might lead to admissible evidence and are otherwise unavailable to the movant, a sufficient showing of good cause has been made. Mitchell v. Bass, 252 F.2d 513, 518 (8th Cir., 1958); Park & Tilford Distillers Corp. v. United States, 20 F.R.D. 404, 406 (S.D.N.Y. 1957). Other courts seem to suggest that good cause is established if the documents sought are otherwise unavailable and are relevant to the subject matter of the litigation. Houdry Process Corp. v. Commonwealth Oil Refining Co., 24 F.R.D. 58, 60 (S.D.N.Y.1959); Connecticut Mutual Life Ins. Co. v. Shields, 17 F.R.D. 273, 277 (S.D.N.Y.1955).

An excellent analysis of what constitutes good cause is found in the opinion by Judge McCree in Crowe v. Chesapeake & O. Ry. Co., 29 F.R.D. 148, 150–151 (D.C.Mich.1961):

"The difficulty with the relevance—is—good—cause approach is that it interprets a portion of Rule 34 as redundant and thereby violates elementary canons of construction. The main objection to the good-cause-requires-special-circumstances treatment is that it reintroduces the sporting aspects which the Federal Rules were thought to have excised from judicial proceedings. * * * Rules 34 is no more or no less restrictive than Rule 26 or 33. In view of the liberal spirit of the rules, the court should be disposed to grant such discovery as will accomplish full disclosure of facts, eliminate surprise, and promote settlement. What must be shown under the requirement of good cause in Rule 34 are such circumstances as give the court reason to expect that the beneficial objectives of pretrial discovery will be achieved."

Although there are many cases in point, there is as yet no settled understanding of what "good cause" means in the ordinary case. This results, no doubt, from the fact that in each case it is the sound discretion of the various trial judges that determines whether or not good cause has been shown in many varying fact situations. However, the spirit of the federal rules compels the conclusion that "a trial is not a sporting event, and discovery is founded upon the policy that the search for truth should be aided." Tiedman v. American Pigment Corporation, 253 F.2d 803, 808 (4th Cir., 1958).

■ Accordingly, prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of the opposing party which is not privileged and the requirement of Rule 34 that "good cause" must be shown is satisfied when the moving party demonstrates that the information sought is or might lead to admissible evidence, is material to the moving parties' trial preparation, or is for some other reason necessary to promote the ends of justice.

Defendant's motion filed pursuant to Rule 34, F.R.Civ.P. is granted.