374 A.2d 1033.

TOWN OF NORTH KINGSTOWN *vs.* WARREN H. ASHLEY *et al.*

JUNE 29, 1977.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

506

PAOLINO, J. This petition for certiorari raises the question whether Super. R. Civ. P. 26(b)(2) prohibits the production of the conclusion of an expert engaged in antici-

pation of litigation and in preparation for trial. It is a question of first impression in this state:[1]

The facts are not in dispute. In 1957 the town of North Kingstown contracted with defendant Warren H. Ashley, as architect, and defendant Nils Johnson, Inc., as builder, for design and erection of a high school. In January 1958, Plantations Steel Company was hired by Nils Johnson, Inc. (hereinafter referred to as Johnson) as a subcontractor to supply all reinforcing steel for construction of the school. Plantations did not perform any work on the construction site itself. The building was completed during 1959.

During the evening of April 24, 1972, the cement canopy covering one of the walkways collapsed. Shortly thereafter the town, Ashley, and Johnson all retained expert assistance to examine the area and determine the cause of the collapse. All received reports from their respective experts.

---

[1]Super. R. Civ. P. 26(b), in pertinent part, reads as follows:

"(b) Scope of Examination; Limitations.

(1) *Scope of Examination.* Unless otherwise ordered by the court as provided by Rule 30 (b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.

"(2) *Limitations.* A party shall not require a deponent to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial unless the court otherwise orders on the ground that a denial of production or inspection will result in an injustice or undue hardship; nor shall the deponent be required to produce or submit for inspection any part of a writing which reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided hereinafter and in Rule 35, the conclusions of an expert engaged in anticipation of litigation and in preparation for trial."

In June 1973, the town commenced this civil action for negligence against Ashley and Johnson. In January 1975, Johnson impleaded as third-party defendants Plantations and Pawtucket Ready-Mixed Concrete Co. Until then Plantations had not been notified of any claim against it and had not retained expert assistance to determine the cause of the collapse. By the time Plantations did receive notice of this claim by Johnson, all tangible evidence at the scene of the collapse had been cleared away.

On March 11, 1975, pursuant to Super. R. Civ. P. 34, Plantations forwarded to plaintiff and defendants its request for production of the following:

"1. True and exact copies of all photographs in your possession having relevance to the incidents complained of in the Complaint (Whether or not such photographs of the canopy in question were taken before or after the ultimate collapse thereof which occurred on or about April 25, 1972).

"2. True and exact copies of all reports received by you from any person, firm or corporation concerning the cause of the canopy collapse (whether such report was rendered before or after the ultimate collapse which occurred on or about April 25, 1972).

Objection to Plantations' request was filed by all. Thereafter the matter was heard before a justice of the Superior Court on Plantations' motion to compel plaintiff and defendants to comply. The trial justice granted Plantations' motion without requiring supporting affidavits or testimony on behalf of Plantations. The order granting such motion was entered on May 7, 1975.

The town and defendant Ashley complied with the trial justice's order by forwarding copies of their reports. The defendant Johnson refused and brought the instant petition for a writ of certiorari. After examining the petition and the opposing memoranda of law we granted the petition and ordered the writ to issue. *Town of North Kingstown* v. *Ashley,* 115 R.I. 944, 347 A.2d 417 (1975).

Although we do not have the benefit of a transcript of the hearing in the Superior Court, it is undisputed, as Johnson admits in its brief, that the basis for the trial justice's order granting Plantations' motion was that since Plantations was not aware of the damage until some 2 years after it occurred, and it did not have the opportunity to have its expert examine the site, it would be unjust and cause undue hardship to deny production. Johnson argues that the trial justice erred in interpreting Rule 26(b)(2); that 26(b)(2) prohibits a deponent from being required to produce or submit for inspection any part of a writing which reflects conclusions of an expert engaged in anticipation of litigation and in preparation for trial; and that the report of its expert is absolutely immune from discovery, rather than qualifiedly so under Super. R. Civ. P. 34 and 26(b), and that if a change is to be made, it should be done by the General Assembly.[2] Johnson's counsel candidly admits that he disagrees with Professor Kent's interpretation of 26(b)(2).[3]

We do not agree with Johnson's interpretation of Rule 26(b). We hold that the conclusions of experts engaged

---

[2]Super. R. Civ. P. 34 deals with the production of documents, etc.

[3]See 1 Kent, *R. I. Civ. Prac.* §26.16 at 228 (1969), where the author states:

"The conclusions of experts are accorded a qualified immunity from discovery by Rule 26(b)(2). The important characteristics of this immunity are these:

"1. The immunity applies only to experts engaged in anticipation of litigation and preparation for trial, not to persons of specialized technical skill interrogated regarding events occurring in their usual course of employment.

"2. The immunity is qualified. Upon a showing that it is necessary to avoid injustice or undue hardship, the court may order the taking of an expert's deposition on such terms and conditions as the court may impose. Since the scope of a Rule 34 order to produce documents is also governed by Rule 26(b), an expert's report can also be ordered produced on such a showing."

in anticipation of litigation and preparation for trial are entitled to qualified immunity under 26(b)(2) and that upon a showing that it is necessary to avoid injustice or undue hardship, the court may order the production of an expert's reports on such terms and conditions as the court may impose.[4] Thus the ultimate question before us is whether, on the basis of the record before him, the trial justice abused his discretion in granting the motion to compel production of the expert reports in question.

Under Rule 26(b)(2) absolute immunity from production is given only to writings which reflect an attorney's mental impressions, conclusions, opinion or legal theories. *See* 1 Kent, *R.I. Civil Prac.* §26-14 at 223 (1969).

In our judgment the rule of qualified immunity is sound, reasonable and practical, as is shown by the facts in the case at bar. Here the opportunity to examine the scene and identify the cause of the injury-producing event had been removed at the time Plantations was put on notice. The difficult position that Plantations would be in, without an opportunity to discover the contents of the report of Johnson's expert, is readily apparent. It would have been compelled to submit to a trial relating to work performed in 1958, without any knowledge of the basis for Johnson's claims against it. We agree with Plantations'

---

[4]For other cases where the opportunity to examine the scene and identify the cause of the injury-producing event had been removed at the time one of the litigants was put on notice, see the following:

*Sanford Constr. Co.* v. *Kaiser Aluminum & Chem. Sales, Inc.,* 45 F.R.D. 465 (E.D. Ky. 1968); *Colden* v. *R. J. Schofield Motors,* 14 F.R.D. 521 (N.D. Ohio 1952); *Maginnis* v. *Westinghouse Elec. Corp.,* 207 F. Supp. 739 (E.D. La. 1962); *Walsh* v. *Reynolds Metal Co.,* 15 F.R.D. 376 (D.N.J. 1954); *Lee* v. *Crown Central Petroleum Corp.,* 33 F.R.D. 11 (S.D. Tex. 1963); *Feldmann* v. *Connecticut Mut. Life Ins. Co.,* 57 F. Supp. 70 (E.D. Mo. 1944); *Lowe's Roanoke, Inc.* v. *Jefferson Standard Life Ins. Co.,* 219 F. Supp. 181 (S.D. N.Y. 1963). *See also:* 1 Kent, R. I. *Civ. Prac.* §26.16 at 230. 8 Wright & Miller, *Federal Practice and Procedure,* §2029 at 247 n. 53.

argument that this was not a case where it was attempting to glean the benefit of expert opinion without paying for it; rather this was a case where the considerations giving rise to the qualified immunity must yield to the need to eliminate the hardship that would otherwise result to Plantations.

Nor are we persuaded by the logic or practicality of the ground on which Johnson originally sought certiorari. There, Johnson claimed that it should not be required to turn over its report to Plantations but, rather, that it should only be required to submit its report to the court, so that the conclusions could be deleted and Plantations would learn only the facts. *See Walsh* v. *Reynolds Metal Co.*, 15 F.R.D. 376 (D.N.J. 1954). *See Sanford Constr. Co.* v. *Kaiser Aluminum & Chem. Sales, Inc.*, 45 F.R.D. 465 at 466 (E.D. Ky. 1968), where the court stated at 466:

> "Plaintiff attempts to distinguish the conclusions of an expert from the facts on which he bases his conclusions and argues that only the latter are discoverable. This argument is not persuasive. In an excellent and thorough opinion in *Franks* v. *Nat. Dairy Products Corp.*, W.D. Texas, 41 F.R.D. 234, 237, the court quoted approvingly from Friedenthal, Discovery and Use of Adverse Party's Expert Information, 14 Stan. L. Rev. 455, 472:
> " 'Unlike the attorneys' impressions or those of the client or his investigators as to the value of certain evidence or the veracity of a potential witness, the opinions and conclusions of an expert constitute evidence in themselves, and may be the only way in which to establish facts material to the case. Indeed, the report of an expert to the attorney is sought for the purpose of obtaining such facts and it can hardly be said that once in the hands of the attorney the information becomes 'protected conclusions' anymore than does an eye-witness account by any other witness.' "

For cases where the distinction between discovery of

expert facts versus conclusions has been rejected, *see* *United States* v. *Meyer,* 398 F.2d 66 (1968); *Riddle Spring Realty Co.* v. *State,* 107 N.H. 271, 220 A.2d 751 (1966); *Crist* v. *Iowa State Highway Comm'n,* 255 Iowa 615, 123 N.W.2d 424 (1963) noted in 50 Iowa L. Rev. 218 (1964); *State ex rel. Willey* v. *Whitman,* 91 Ariz. 120, 370 P.2d 273 (1962); *State ex rel. Reynolds* v. *Circuit Court for Waukesha County,* 15 Wis.2d 311, 112 N.W.2d 686 (1961); *see also* Long, *Discovery and Experts under the Federal Rules of Civil Procedure,* 39 Wash. L. Rev. 665, 694, 38 F.R.D. 111, 144-45 (1964).

Finally, we come to Johnson's claim that even assuming "injustice and undue hardship" are the proper guidelines, the record is devoid of affidavits or testimony to show what injustice or undue hardship Plantations will suffer, keeping in mind that Plantations possesses other expert reports prepared for plaintiff and Ashley shortly after the canopy collapsed. On the record before us, this argument is not persuasive. As we have pointed out above, it is undisputed that Plantations was not aware of the collapse of the canopy until some 2 years after it happened and therefore had no opportunity to hire an expert to examine the site. It is true that Plantation is in possession of other expert reports, but this does not mean that it is not entitled to the report of Johnson's expert in order to meet the allegations against it by Johnson. The basis of these allegations are known only to Johnson and its expert. In the circumstances we cannot say that the failure of the trial justice to require affidavits or testimony to establish the claimed injustice and undue hardship constituted reversible error. Moreover, as Plantations argues in its brief, Johnson has cited no authority, and we have found none, for the proposition that claims of injustice and undue hardship must be reduced to testimonial or affidavit form before they can be recognized.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers are remitted to the Superior Court for further proceedings in accordance with the May 7, 1975 order.

*Higgins & Slattery, John A. Baglini,* for third-party plaintiff, Nils Johnson, Inc.

*Higgins, Cavanagh & Cooney, John T. Walsh, Jr.,* for third-party defendant, Plantations Steel Company.