Margaret JORDAN et al.

v.

STOP AND SHOP COMPANIES, INC., et al.

No. 88–186–M.P.

Supreme Court of Rhode Island.

May 25, 1989.

Richard A. Skolnik, Lipsey & Skolnik, Providence, for plaintiff.

Robert W. Lovegreen, Mark C. Hadden, Gidley, Lovegreen & Sarli, Providence, for defendant.

OPINION

KELLEHER, Justice.

This controversy is before us on a writ of certiorari asking this court to review a Superior Court justice's granting of a motion to compel discovery. The facts as are necessary for the resolution of this dispute follow.

On October 28, 1985, Vincent Speaks (Speaks) received fatal injuries when a large wall at a construction site where he was working collapsed. On January 22, 1986, a complaint was filed in Providence County Superior Court by Margaret Jordan (Jordan) on behalf of the beneficiaries of Speaks.[1] The complaint averred that de-

---

**1.** It should be noted that a second complaint was filed by Judith J. Speaks. However, the lawsuits have been consolidated for purposes of discovery.

fendants "were negligent in the ownership, design, construction, excavation, erection, and/or maintenance of the job site and wall and failed to provide Vincent Speaks with a safe place to work."

In the course of discovery Jordan propounded interrogatories to defendants, including petitioner, G. Marini Masonry Co., Inc. (Marini). Interrogatory 21(d) asked each defendant to state any and all findings with respect to any investigation conducted by it, or on its behalf, as a result of the accident. Marini filed an objection to the interrogatory. At a hearing on Jordan's motion to compel Marini to answer this interrogatory, Marini argued that the information requested was made undiscoverable by Rule 26(b)(2) of the Superior Court Rules of Civil Procedure. Rule 26(b)(2) provides in pertinent part that

"[a] party shall not require a deponent to produce or submit for inspection any writing obtained or prepared by the adverse party, the party's attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial unless the court otherwise orders on the ground that a denial of production or inspection will result in an injustice or undue hardship * * *."

The trial justice did not agree with Marini and entered the limited order requiring it to provide Jordan with "any and all investigative studies, reports, analyses, conclusions and/or findings of their expert from the date of the incident as described [in the complaint], up through and including the seven day period subsequent to the incident." Marini then filed a petition for a writ of certiorari, which was granted by this court on June 1, 1988.

In *Town of North Kingstown v. Ashley*, 118 R.I. 505, 509–10, 374 A.2d 1033, 1036 (1977), this court held that "conclusions of experts engaged in anticipation of litigation and preparation for trial are entitled to qualified immunity under [Rule] 26(b)(2) and that upon a showing that it is necessary to avoid injustice or undue hardship, the court may order production of an expert's report * * *." Since the parties agree that the reports in question were produced in anticipation of litigation and in preparation for trial, the sole issue before us is whether the trial justice erred in determining that Jordan had shown that the denial of the motion to compel would result in injustice or undue hardship.

The burden is upon the party seeking the discovery to show that the " 'denial of production or inspection will result in an injustice or undue hardship.' " *Fireman's Fund Insurance Co. v. McAlpine*, 120 R.I. 744, 754, 391 A.2d 84, 90 (1978). "The determination of this issue is vested in the sound discretion of the trial justice, who should look at the facts and circumstances of each case in arriving at an ultimate conclusion." *Id.* We hold that the trial justice abused his discretion in ordering Marini to produce the reports of its expert since Jordan failed to meet her burden of demonstrating likely injustice or undue hardship.

Our review of the transcript of the hearing on the motion to compel reveals that Jordan introduced no evidence regarding the injustice or undue hardship that the estate would suffer if the motion were denied. Jordan merely stated that on the day of the incident Marini had its investigators at the scene whereas she had not yet hired experts. However, this assertion is insufficient to meet the burden of showing likely injustice or undue hardship. No one disputes that the construction site was closed for the six weeks following the incident. During this period many federal and state agencies conducted investigations. Jordan should have presented evidence that she had attempted to gain access to the reports of various agencies such as the Pawtucket police or the Occupational Safety and Health Administration.

For the reasons stated above, the petition for certiorari is granted. The order of the Superior Court is quashed, and the record with our decision endorsed thereon is remanded to the Superior Court for further proceedings.