Jean BURGESS

v.

RHODE ISLAND PUBLIC TRANSIT
AUTHORITY et al.

No. 94–617–M.P.

Supreme Court of Rhode Island.

Sept. 15, 1995.

Merrill Friedemann, Providence.

James Kelleher, Warwick.

### ORDER

This case came before the Supreme Court for oral argument on September 12, 1995, pursuant to an order that directed the parties to show cause why the issues raised by the plaintiff Jean Burgess in her petition for certiorari should not be summarily decided.

After reviewing the memoranda submitted by the parties and after considering the arguments of counsel, we are of the opinion that cause has not been shown, and the issues will be decided at this time.

This action arose from an incident on December 6, 1988 wherein plaintiff reportedly was injured in the process of boarding a bus owned by defendant RI Public Transit Authority (RIPTA). Seven months after the accident, plaintiff's counsel took a statement from plaintiff's co-worker who was seated on the bus at the time of the incident. Counsel for RIPTA deposed the co-worker on May 13, 1994, 21 months after receiving the information that plaintiff had taken a statement from the co-worker in June 1989. Concluding that the co-worker's recollection in 1994 was "spotty," RIPTA requested production of the June 1989 statement, and when the request was refused, counsel filed a motion to compel production of the document. A Superior Court justice granted the motion.

Because the witness's recollection in 1989 was vague and devoid of specific details, we are of the opinion that the motion calendar justice was not clearly wrong in granting RIPTA's motion to compel. The privilege that obtains under Rule 26(b)(2) of the Superior Court Rules of Civil Procedure is a qualified one in which the work product doctrine generally precludes the production or inspection of any document obtained or prepared in anticipation of litigation "unless the court otherwise orders on the ground that a denial ... will result in an injustice or undue hardship."

Because the witness was for the most part unable to relate information when deposed in 1994, we conclude that the motion justice did not abuse his discretion in allowing production of the 1989 statement.

Consequently, this court denies plaintiff's petition for certiorari and quashes the writ previously issued. We affirm the order of the Superior Court, to which the papers in the case may be returned.